```
                                                                    Priority   ___
                        UNITED STATES DISTRICT COURT                Send       ___
  JS-6                   CENTRAL DISTRICT OF CALIFORNIA             Enter      ___
                                                                    Closed     ___
cc: order, docket, remand    CIVIL MINUTES - GENERAL                JS-5/JS-6  ___
letter to Los Angeles Superior Court                                Scan Only  ___
No. BC 468653
```

**CASE NO.:** CV 11-08587 SJO (MRWx)           **DATE:** November 29, 2011

**TITLE:**   Davanne S McCrady v. Wells Fargo Bank, N.A., et al.

========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                              Not Present
Courtroom Clerk                               Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**            **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                   Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER REMANDING CASE TO LOS ANGELES SUPERIOR COURT**

For the reasons stated herein, the Court finds that it lacks subject matter jurisdiction and **REMANDS** the case to Los Angeles Superior Court.

I.   FACTUAL AND PROCEDURAL BACKGROUND

On August 30, 2011, Plaintiff Davanne S. McCrady ("Plaintiff") filed a lawsuit in Los Angeles Superior Court naming as Defendants: Wells Fargo Bank, N.A., as Trustee for Carrington Mortgage Loan Trust, Series 2006-NC1 Asset backed Pass-Through Certificates ("Wells Fargo"); Atlantic & Pacific Foreclosure Services, LLC ("Atlantic & Pacific"); All Persons Unknown Claiming Any Legal or Equitable Right, Title, Estate, Lien or Interest in the Property Described in the Complaint Adverse to Plaintiff's Title, or Any Cloud on Plaintiff's Title Thereto; and Does 1-100. (*See generally* Compl.)  The Complaint attempts to state causes of action for: (1) breach of covenant of good faith and fair dealing; (2) promissory estoppel; (3) fraudulent misrepresentation; (4) unjust enrichment; (5) civil conspiracy; (6) set aside illegal trustee's sale; (7) quiet title; (8) unfair business practices under Business and Professions Code § 17200, et seq.; and (9) wrongful foreclosure.

On October 17, 2011, Defendant Wells Fargo removed the action to the Central District of California on diversity grounds. (*See* Not. of Removal.) Wells Fargo informed the Court that it had not been served with the Complaint, but only with a Notice of Lis Pendens. (Not. of Removal 2.) Wells Fargo seeks to invoke the Court's diversity jurisdiction, arguing that Wells Fargo is a citizen of South Dakota and no other state, Plaintiff is a citizen of California, and (on information and belief) the amount in controversy is in excess if $75,000. (Not. of Removal 3.)  Wells Fargo argues that Defendant Atlantic & Pacific's citizenship is irrelevant because it has filed a declaration of non-monetary status pursuant to California Civil Code section 29241 in the state court action. (Not. of Removal 3.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

CASE NO.:   CV 11-08587 SJO (MRWx)           DATE:  November 29, 2011

On October 24, 2011, Wells Fargo filed a Motion to Dismiss Plaintiff's Complaint, or in the Alternative, for a More Definite Statement ("Motion to Dismiss").  On November 2, 2011, Wells Fargo filed a Motion to Expunge Lis Pendens ("Motion to Expunge").

II.     DISCUSSION

    A.     *Sua Sponte* Consideration of Subject Matter Jurisdiction

The Court raises the issue of subject matter jurisdiction *sua sponte*.  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the district court is mandated to remand the case.  *See* 28 U.S.C. § 1447(c).  The Ninth Circuit has held that "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action."  *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).  The Court finds it appropriate to determine whether subject matter jurisdiction exists.

The Ninth Circuit has held that courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  *Id.* (quotation marks omitted).  Federal jurisdiction founded on § 1332(a) requires complete diversity – all plaintiffs must be of different citizenship than all defendants – and an amount in controversy exceeding $75,000.  *See* 28 U.S.C. § 1332(a); *see also Munoz v. Small Bus. Admin.*, 644 F.2d 1361, 1365 (9th Cir. 1981) (noting that "[d]iversity jurisdiction requires that the plaintiffs and each defendant be citizens of different states").

Wells Fargo alleges it is a citizen of South Dakota and no other state.  Wells Fargo notes that it is chartered and has its "main office" in South Dakota. (Notice of Removal ¶ 3.)  However, Wells Fargo "has regularly described its principal place of business as San Francisco, California." *Stewart v. Wachovia Mortg. Corp., et al.*, No. 11-CV-06108, 2011 WL 3323115, at *4 (C.D. Cal. Aug. 2, 2011).  Federal District Courts throughout California have gone both ways as to whether a national banking association should be considered a citizen of the state where it has its primary place of business.  Because of this ambiguity, the Court addresses this issue *sua sponte*.

    B.     Wells Fargo's Citizenship

28 U.S.C. § 1348 provides: "All national banking associations shall, for the purposes of all other actions [other than actions not pertinent here] . . ., be deemed citizens of the States in which they are respectively located."  In *Wachovia Bank v. Schmidt*, 546 U.S. 303 (2006), the United States Supreme Court decided whether the word "located" in § 1348 means the citizenship of national banking associations is determined by the place designated in the bank's articles of association as its main office or whether the bank was a citizen of every state in which it maintained a branch. In making its decision, the *Schmidt* Court noted that the word "located" in § 1348 "is not a word

**CASE NO.:** CV 11-08587 SJO (MRWx)      **DATE:** November 29, 2011

of 'enduring rigidity,' but one that gains its precise meaning from context." *Id.* at 307. The *Schmidt* Court then engaged in a review of the historical circumstances giving rise to the adoption of § 1348, finding that Congress intended to achieve the purpose of jurisdictional parity between state and national banks. The *Schmidt* Court held:

> [A] national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located. Were we to hold, as the Court of Appeals did, that a national bank is additionally a citizen of every State in which it has established a branch, the access of a federally chartered bank to a federal forum would be drastically curtailed in comparison to the access afforded state banks and other state-incorporated entities.

*Id.* Thus, the *Schmidt* Court struck down the rule that a national bank is a citizen of every state in which it maintains a branch, instead opting for a rule that a national bank is a citizen of the state where its main office is located, as listed in its articles of association. The Court did not consider, however, whether a national bank is also a citizen of the state where it maintains its principal place of business. In *Schmidt*, the state where the main offices were located was the same state as the bank's principal place of business, which the Court acknowledged: "The absence of a 'principal place of business' reference in § 1348 may be of scant practical significance for, in almost every case, as in this one, the location of a national bank's main office and of its principal place of business coincide." *Id.* at 317 n.9.

This is not such a case. Wells Fargo has a principal place of business in California, but its main office, as listed in its articles of association, is in South Dakota. *Schmidt* does not foreclose the possibility that a national bank is a citizen of the state where it has its principal place of business – that issue was not before the Supreme Court, and thus the justices did not have occasion to decide it. As mentioned above, the *Schmidt* Court also noted that the word "located" in § 1348 is not a word of "enduring rigidity," but rather "one that gains its precise meaning from context." *Id.* at 306-07. Therefore, the Supreme Court "signaled that the definitional content it provided for the word did not foreclose the possibility that further context would support an expanded definition." *Stewart*, 2011 WL 3323115, at *5. Additionally, the *Schmidt* Court noted that Congress' goal in adopting § 1348 was to provide parity for state-chartered banks and national banks. *Id.* "A state chartered bank is a citizen not only of the state in which it is incorporated, but [also] of the state where its principal place of business is located." *Id.*; *see also* 28 U.S.C. § 1332(c)(1). Because state-chartered banks are citizens of their state of incorporation and also the state where their principal place of business is located, parity for national banks would be achieved by deeming them to be citizens both of the state where their articles of association list their main office and also the state where their true principal place of business is located.

One reason federal courts have subject matter jurisdiction over diversity cases is to alleviate the possibility that state courts will have a bias against "outsiders." *See, e.g., Industrial Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1094 (9th Cir. 1990). Courts should thus make citizenship

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

JS-6

**CIVIL MINUTES - GENERAL**

| | |
|---|---|
| **CASE NO.:**  <u>CV 11-08587 SJO (MRWx)</u> | **DATE:**  <u>November 29, 2011</u> |

determinations for entities "with an eye to ensuring that a[n entity] is a citizen of the place in which it is least likely to suffer prejudice."  *Davis v. HSBC Bank Nev., N.A.*, 557 F.3d 1026, 1029 (9th Cir. 2009).  Particularly where Wells Fargo has conceded that its principal place of business is in California, the Court does not believe that Wells Fargo is likely to suffer prejudice from the California state court system.

The Court is aware that other cases from the Central District of California have held that Wells Fargo is not a citizen of California for diversity purposes.  As these decisions are not from the United States Supreme Court or the Ninth Circuit, they are not directly controlling.  Other cases from the Central District of California, including *Stewart*, have applied the principal place of business test and determined that Wells Fargo is a California citizen for diversity purposes.  *Stewart v. Wachovia Mortg. Corp., et al.*, No. 11-CV-06108, 2011 WL 3323115, at *4 (C.D. Cal. Aug. 2, 2011).  The Court is persuaded by and adopts the reasoning in *Stewart*.  This outcome is particularly appropriate given the Ninth Circuit's admonition that District Courts should reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Couture v. Wells Fargo Bank, N.A.*, 2011 WL 3489955, at *3 (S.D. Cal. Aug. 9, 2011) (noting that Wells Fargo's citizenship is "a murky jurisdictional issue. . . . [and that] it remains unsettled whether, for the purposes of diversity jurisdiction, a national bank is a citizen solely of the state listed on its articles of association as its main office or of both that state and the state of its principal place of business.")

The Court concludes that Wells Fargo is a citizen of California because its principal place of business is in California.  Plaintiff is also a citizen of California.  In the absence of complete diversity, the Court does not have proper subject matter jurisdiction.  Because the Court finds that complete diversity is lacking, the Court does not consider whether Wells Fargo adequately demonstrated that the amount in controversy exceeds $75,000 or whether Atlantic & Pacific's citizenship would have been relevant were Wells Fargo and Plaintiff not citizens of the same state.

III.     <u>CONCLUSION</u>

For the foregoing reasons, the Court **REMANDS** the instant action to Los Angeles Superior Court. This action shall close.

IT IS SO ORDERED.

vpc